

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2008

# Tan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2240

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tan v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1025.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1025

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2240
_____

ANDRE TAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-204-297 )
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
JUNE 12, 2008

Before:  SLOVITER, STAPLETON AND COWEN,  Circuit Judges

(Opinion filed June 13, 2008)
_____

OPINION
_____

PER CURIAM

Andre Tan petitions for review of an order of the Board of Immigration Appeals

(BIA) denying his motion to reopen removal proceedings.  For the reasons that follow, we

will deny the petition.

Tan is a native and citizen of Indonesia who was placed in removal proceedings in 2003. Tan sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") on the ground that he had suffered persecution in Indonesia on account of his Chinese ethnicity and Christian religion. Following a hearing on July 18, 2005, Immigration Judge ("IJ") Charles M. Honeyman found that Tan's application for asylum was time-barred. See 8 U.S.C. § 1158(a)(2)(B) and (D). The IJ further found that Tan failed to meet his burden of proof with respect to his application for withholding of removal because he did not establish that his life or freedom would be threatened should he be forced to return to Indonesia. See 8 U.S.C. § 1231(b)(3). The IJ similarly denied relief under the CAT on the ground that Tan had failed to establish a likelihood of torture upon return home. See 8 C.F.R. § 208.16(c)(2). On November 29, 2006, the BIA adopted and affirmed the IJ's decision.[1]

On January 26, 2007, Tan filed a motion to reopen his removal proceedings on the ground that he had new evidence in support of his application for withholding of removal. By order entered March 23, 2007, the BIA denied the motion. Tan now petitions for review of the BIA's order denying his motion to reopen.[2]

_____

[1]The BIA initially dismissed as untimely Tan's appeal from the IJ's July 18, 2005 decision, but subsequently reinstated the appeal.

[2]To the extent that Tan seeks review of the BIA's November 29, 2006 order as well, this Court lacks jurisdiction to review that order because the petition for review was filed more than 30 days later. See 8 U.S.C. § 1252(b)(1). In addition, insofar as Tan seeks

II.

We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a)(1).  We

review the BIA's denial of a motion to reopen for abuse of discretion.  Guo v. Ashcroft,

386 F.3d 556, 561 (3d Cir. 2004).  "Discretionary decisions of the BIA will not be

disturbed unless they are found to be arbitrary, irrational, or contrary to law."  Tipu v.

INS, 20 F.3d 580, 582 (3d Cir. 1994) (quotation omitted).  Under the regulations, the BIA

will not grant a motion to reopen proceedings unless the evidence sought to be offered is

material and could not have been discovered or presented at the former hearing.  8 C.F.R.

§ 1003.2(c)(1).  "The Board has discretion to deny a motion to reopen even if the party

moving has made out a prima facie case for relief."  8 C.F.R. § 1003.2(a).

In his motion to reopen, Tan claimed that he had new evidence demonstrating that

it is more likely than not that he would be subject to persecution if he returned to

Indonesia.  See 8 U.S.C. § 1231(b)(3)(A).  In support of his motion, Tan submitted an

affidavit from Dr. Jeffrey Winters, an associate professor at Northwestern University

specializing in human rights in Indonesia.  Dr. Winters stated that conditions in Indonesia

had changed since late 2004 and early 2005 in significantly negative ways for ethnic

Chinese Indonesians.  Specifically, Dr. Winters claimed that radical Islamic extremists

---

review of the BIA's order denying his motion to reopen his proceedings in order to
reconsider his application for relief under the CAT, we lack jurisdiction to do so because
he did not raise this claim in his motion to reopen.  See Abdulrahman v. Ashcroft, 330
F.3d 587, 594-95 (3d Cir. 2003) (explaining that an alien is required to raise and exhaust
his remedies as to each claim in order to preserve his right to judicial review of all
claims).

3

have been gaining momentum, that economic conditions are worsening as the political system loses support, and that the government continues to discriminate against ethnic Chinese. According to Dr. Winters, these developments "significantly increase the risks of threats faced by ethnic Chinese Indonesians." Tan also submitted five articles that have been published since the time of his hearing. In sum, these articles recount incidents of violence against Christians and voice concern over Islamic fundamentalism in Indonesia.

Based on our review of these documents, we cannot conclude that the BIA's decision denying Tan's motion to reopen was arbitrary, irrational, or contrary to law. See Tipu, 20 F.3d at 582. Although Dr. Winters's affidavit and the attached news articles certainly indicate that there remains religious and ethnic violence against Chinese Christians in Indonesia, these documents do not suggest that the violence is sufficiently widespread as to constitute "systemic, pervasive, or organized" persecution. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005). Rather, the violence appears to have been primarily perpetrated by fellow citizens and not the result of governmental action or acquiescence. See Abdulrahman, 330 F.3d at 592 (holding that violence wrought by civilians does not constitute persecution unless such acts are "committed by the government or forces the government is either unable or unwilling to control").

In considering the proffered evidence, the BIA also took administrative notice of the 2005 and 2006 International Religious Freedom Reports issued by the Department of

State, which indicate that the Indonesian government officially promotes religious and ethnic tolerance, and that "[m]ost of the population enjoyed a high degree of religious freedom" in the covered periods. Given the deferential standard of review that governs, we cannot say that the BIA abused its discretion in giving greater weight to these documents than to the evidence offered by Tan.

We have carefully considered the arguments raised by Tan in support of his petition for review, but find each of them unavailing. Accordingly, we will deny the petition for review.